## Case No. 9,274.

In re MATHERS et al.

[17 N. B. R. (1878) 225.] [1]

District Court, D. Indiana.

BANKRUPTCY — COMPOSITION — RIGHT TO VOTE — DEBTS NOT PROVEN.

Creditors are not entitled to vote upon proposals for composition without having first proved their debts.

[Cited in Re Keller, Case No. 7,654.]

By the Register:

I, Noble C. Butler, one of the registers of said court in bankruptcy, do hereby certify that in the course of the proceedings in said cause before me the following question arose pertinent thereto and was stated and agreed to by the parties: At a meeting called and held at the time and place aforesaid, for the purpose of considering a proposal submitted by the bankrupt for composition with his creditors, William Blakely offered to vote thereon without first having proved his debt, as required by section 5077, Rev. St. U. S. The undersigned register, presiding at said meeting, ruled that Blakely was not entitled to vote on such proposal until he has made proof of his debt in the mode prescribed by said section 5077; to which ruling the said William Blakely, by his counsel, Louden & Miers, excepted, and the question thus arising is, at the request of the parties, certified into court for decision by the judge, with the following reasons of the register for his ruling:

The bankrupt law provides (section 5077, Rev. St. U. S.) that, "to entitle a claimant against the estate of a bankrupt to have his demand allowed, it must be verified by a deposition in writing, under oath, and signed by the deponent, setting forth the demand, the consideration thereof, etc., etc., etc." And again, "no claim shall be allowed unless all the statements set forth in such deposition appear to be true." Elsewhere the officers are named before whom these proofs may be made, viz.: registers, U. S. commissioners, and notaries public. The forms in which they shall be made are prescribed by the justices of the supreme court, viz.: forms Nos. 21, 22, 23, 24, and 25. Creditors cannot vote for assignee or receive dividends; are not entitled to notice of application for discharge, and cannot oppose a discharge or contest its validity when granted, and, in short, they have no standing in court unless they have proved their debts. And in the proceedings under section 43 of the act (Rev. St. U. S. § 5103), which in old copies of it is entitled "superseding bankruptcy proceedings by arrangement," there is no ex-

ception made to this general rule. In these proceedings the estate of the bankrupt is administered by trustees under the supervision of a committee of creditors; but it is nevertheless a proceeding in court, and proofs of debt in the usual form are required of all creditors who participate therein. It is, moreover, to this section that the provisions for composition with creditors are added by the amendment of June 22, 1874 [18 Stat. 178]. The language of the amendment is, "Be it enacted, etc., etc., that the following provisions be added to section 43 of said act." Now there is nothing in this portion of the law authorizing compositions which indicates that a different practice is to be observed as to proofs of debt from that already established. The character of the proceeding thus instituted is not such as to make any change necessary. It is merely another form of bankruptcy proceeding and the formalities of such proceedings are not inappropriate to it. It resembles in some particulars the proceeding by "arrangement," wherein the resolution to adopt this mode of settlement is first adopted by three-quarters in value of the creditors who have proved their debts, and afterwards confirmed by the court.

The statute concerning compositions requires the resolution in acceptance of the proposed composition to be first passed by a certain proportion of "the creditors" assembled at the meeting called to consider it. The language here does not, as in the case of an "arrangement," explicitly designate "creditors whose claims have been proved," but, in the opinion of the register, the word "creditors" is used in this instance, as in others throughout the law, to denote such creditors only. It would be a tiresome repetition to insert this qualification wherever the word occurs in the law, and it is frequently omitted without leaving the meaning in anywise obscure.

It was urged by counsel for Blakely that the schedules required of the bankrupts in composition cases dispenses with the necessity of proof; that the specification of the creditors therein is sufficient for their identification. But this objection, if valid, would obviate the need of proof in all bankruptcy proceedings, for in all of them the bankrupts are required to submit sworn statements of the names, residences, and occupations of their creditors, the amounts due them, the particulars of the indebtedness, etc., and these creditors are, notwithstanding this, compelled to prove their debts. The bankrupt's statement in neither case is accepted as conclusive. There is the same opportunity and the same inducement for collusion in each class of cases. The bankrupt might in composition cases procure a favorable compromise with his real creditors by listing enough fictitious ones to outvote them, if his statement is conclusive. He might wilfully, or ignorantly exclude genuine cred-

itors from the terms of a composition, or at any rate from a participation in it to the full amount of their claims, for nothing is more common than discrepancies between the statements of debtors and creditors as to the precise amount of the indebtedness, which can be rectified only by the production in due form of law of the evidences thereof. These creditors would have but a very tardy remedy for this violation of their rights if they are denied the authority to prove their own debts, and referred to the statements of the bankrupt as the only and indisputable evidence of their existence. True, the composition is binding on the creditors whose names, etc., are included in the statement of the bankrupt, and does not affect or prejudice the "rights of any other creditors," but the same may be said of creditors in any bankruptcy proceeding, whose names are wilfully omitted from the schedules of the bankrupt.

There are no reported cases accessible to me in which this question is decided. In the matter of Holmes [Case No. 6,632], Southern district of New York, Blatchford, J., in enumerating the duties of registers presiding at composition meetings, said, "he (the register) must necessarily decide who are entitled to vote, and in respect to what amount of debts, and pass upon the regularity and propriety, in form, of the proofs of debt and of letters of attorney." It thus appears that the practice in composition cases in that district is to require such debts to be proved. There is also a dictum of Lowell, J., in Ex parte Jewett [Id. 7,303], district of Massachusetts, to the effect that "no oath is required of them (creditors) in ordinary cases."

For the foregoing reasons it is my opinion that composition cases are not excepted from the operation of section 5077, Rev. St. U. S., requiring proof of debts in bankruptcy proceedings, and this opinion and the reasons therefor are respectfully submitted.

GRESHAM, District Judge. The practice in this district has uniformly been as held by Mr. Register Butler. It is the only safe practice. and, indeed, the only practice recognized by law. The finding is approved.